# UNITED STATES DISTRICT COURT • SOUTHERN DISTRICT OF FLORIDA

Case No:_____

Judge:_____

RENGIN GUNDOGDU
Plaintiff
    vs.

WDF-4 WOOD HARBOR PARK OWNER, LLC,
Doing business as BASK, and
WOOD RESIDENTIAL SERVICES, LLC
Defendants



FILED BY _____ D.C.

MAY 11 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## COMPLAINT

Plaintiff, Rengin Gundogdu, sues the Defendants, WDF-4 Wood Harbor Park Owner, LLC, doing business as Bask, and Wood Residential Services, LLC, and as good grounds alleges as follows:

### Preliminary Statement

1. This action arises as a result of Defendants' unlawful eviction actions under Section 83.67 of the Florida Statutes at Bask Apartments in Harbor Park, located in Broward County (the "Dwellings").
2. Specifically, Defendants have systematically and continuously violated Section 83.67 of the Florida Statutes by seizing, denying access and sending back the packages/mails delivered to the Dwellings for Ms. Gundogdu and for previous tenant, Eva Zohar.
3. Defendants' unlawful eviction actions show their systematic targeting of single women who live alone, who are more vulnerable and have less financial resources to seek for attorney services. Defendants blocked access to their mails which are personal property

1

by law and giving false information to the U.S. Postal Office and Fedex delivery employees on behalf of Plaintiff that Plaintiff is not living there anymore.

## Jurisdiction and Venue

4. This is an action for damages in excess of Two Hundred Thousand Dollars ($200,000.00), exclusive interests, legal costs, injunctive relief and declaratory relief.
5. Plaintiff elects to bring this civil action pursuant to Section 83.67 of the Florida Statutes. Pursuant to Section 83.67 of the Florida Statutes and Broward County Code of Ordinances Section $16^{1/2}$-44 and 16½-53, Plaintiff may file a civil action alleging unlawful eviction action, systematic discriminatory eviction practice targeting women based on marital status and acting against Fair Housing Act and violation of Human Rights Section. As such, Plaintiff is not required to exhaust any administrative remedies before initiating this action.
6. This unlawful eviction action occurred at a time when there is Centers for Disease Control and Prevention (CDC) eviction moratorium and violators are punishable with severe penalty. Plaintiff had served the Defendants with CDC Declaration Form on Dec 13th, 2020.
7. Venue is proper in this U.S. Federal Southern District of Florida Courthouse in Fort Lauderdale, as the Dwellings and cause of actions occurred in Broward County, Florida and Defendants conduct business in Broward County, Florida.

## Parties

8. Plaintiff, Rengin Gundogdu is an MBA graduate, professional, hard working, independent career woman. Ms. Gundogdu was deeply affected by Covid-19 and was granted rent relief by the City in 2020 which are factors taken into consideration when evaluating her case.
9. Ms. Gundogdu is an activist who fights for animal, civil and human rights and seeks to enforce lawful eviction process and action. During Covid-19 when there is eviction moratorium, Ms. Gundogdu finds Defendants' illegal eviction action inhumane,

derogatory, unlawful and unacceptable and requests justice to prevail in punishing the defendants in their unlawful eviction action.
10. Defendant, WDF-4 Wood Harbor Park Owner, LLC, doing business as Bask, is a Foreign Limited Liability Company that is engaged in real estate business.
11. Defendant, Wood Residential Services, LLC, is a Foreign Limited Liability Company that is engaged in real estate business.

## Statement of Facts

12. Previous tenant, Ms. Eva Zohar, is a cancer patient and when she couldn't receive her medicine through mail due to Defendants' unlawful actions, she was forced to move out during eviction moratorium signed by Florida Governor and at a time when she was deeply affected by Covid-19. She couldn't receive her cancer treatment on time due to the fact that Defendants denied her access to receive her mails.
13. Ms. Gundogdu has phone recordings with Fedex proving that Defendants told Fedex she was not living in the Dwellings anymore and she had moved out. Defendants prevented her to receive her mails. Ms. Gundogdu is still living in the Dwellings until today. Defendants not only failed to follow CDC's eviction moratorium and broke the law but also lied by giving false information to the private and government postal service agents of the United States on behalf of Ms. Gundogdu while she is still living in the Dwellings. Defendants acted illegally and returned her mails to the sender.
14. Defendants took the packages one time and threw them onto the floor of the Defendants' office and asked Ms. Gundogdu to pick them up from the floor saying out loud that she is being evicted and not living in the Dwellings anymore just to bully and humiliate her in front of other tenants and employees.
15. Defendants embarrassed, insulted and bullied Ms. Gundogdu and Ms. Zohar to force them move out of the Dwellings unlawfully during nationwide implemented eviction moratorium. Defendants told Ms. Gundogdu that she is being evicted in front of other tenants and employees to humiliate her and told her that she can't have mails anymore.

3

Ms. Gundogdu is a well-educated and respected professional woman and a licensed real estate agent in Florida. This humiliation, distress and not being able to receive her mails affected her career and created emotional distress. This distress affected her health negatively and triggered asthma attacks. Ms. Gundogdu had sent CDC Declaration Form to Defendants in December 2020. Defendants continued in eviction process even though Ms. Gundogdu served them CDC Declaration Form and Defendants broke the law through systematic illegal eviction actions.

16. As an immigrant with an accent who has no family or relatives in the United States, Ms. Gundogdu is particularly sensitive to discriminatory practices, having been the victim of national origin, sex and marital status.

17. Defendants' unlawful conduct to evict Ms. Gundogdu caused her to suffer emotional distress, asthma attacks, hopelessness, feelings of despair and anxiety.

18. Defendants' unlawful conduct and actions constitute direct evidence of unlawful eviction action and discrimination caused Ms. Gundogdu damages as described above.

19. In engaging in this unlawful conduct described above, Defendants acted intentionally, cruelly and recklessly. Ms. Gundogdu told and reminded to Defendants several times that they are breaking the law through vocally and by email but Defendants unapologetically continued to break the law. Defendants didn't take Ms. Gundogdu seriously. Moreover, their unlawful action caused Ms. Zohar to move out and live in a hotel room for months during Covid-19 while she was being treated for cancer and she didn't have energy or finances to move but yet, she was forced to move out in order to receive her mails. That is a blatant inhumane action.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. assume jurisdiction over this matter;

B. declare the actions and procedures of Defendants complained of herein to be in violation of Florida Statues, Broward County Fair Housing Act and Human Rights Section and CDC's Eviction Moratorium;

C. enter a permanent injunction enjoining Defendants, their successors, their agents and employees, and all those acting in concert with them, from engaging in unlawful eviction action and discrimination in Broward County;

D. enter a permanent injunction compelling Defendants, their successors, their agents and employees, to adopt practices, policies and procedures which will ensure that they will refrain from unlawful eviction action and discrimination in Broward County;

E. enter a permanent injunction compelling Defendants, their successors, agents and employees, to participate in lawful eviction and housing discrimination training;

F. award compensatory and statutory damages to Plaintiff;

G. award removal of eviction from report for Plaintiff and other victim, Eva Zohar;

H. award Plaintiff her costs in this action;

I. enter a judgment in favor of the Plaintiff for the total amount of her damages, plus pre-judgment interest; and

J. award Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues that can be heard by a Jury.

Respectfully submitted,

Rengin Gundogdu

By: s/ Rengin Gundogdu

1919 SE 10th Ave, Apt 4112
Fort Lauderdale, FL 33316
rengingundogdu@hotmail.com
954-716-3387